

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-7423

Re: Authority of Commissioners'
Court to expend money from
the Permanent Improvement
Fund for the erection of
stack bottoms.

Your letters requesting an opinion of this department
set out the following pertinent facts:

The 1946 budget of Harrison County, as to
the Permanent Improvement Fund, set up the follow-
ing proposed expenditures in part as follows:

1. Maintenance, repairs and improvements to
the Courthouse and Jail, warehouse, etc., $6000.00;

2. Improvement, addition to Courthouse and
jail, County warehouse, construction, etc.,$12,000.00

A levy order was made as to the Permanent Im-
provement Fund of five (5¢) cents.

The Commissioners' Court wished to construct
stack bottoms in the yard of the county warehouse and
pay for the same out of the Permanent Improvement Fund.
The primary use of the lumber to be stored on the stack
bottoms is that it will be used for the building of
bridges, culverts and for general repairs to the county
warehouse.

Your question then becomes: Can the Commissioners' Court
Expend money from the Permanent Improvement Fund for the erection of
stack bottoms to be used for the purpose of storing lumber?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Charles R. Martin - Page 2

Section 9, Article VIII, of the State Constitution prescribes the maximum rate of taxes for general purposes, for roads and bridges, for juries and permanent improvements, respectively. These monies arising from taxes levied and collected for each of the enumerated purposes are constitutional funds and the Commissioners' Court has no power to transfer money from one fund to another and to expend for one purpose tax money raised ostensibly for another purpose. (Terrell vs. Williams, 202 S. W. 504; Commissioners' Court of Henderson County vs. Burke, 262 S.W. 94)

Article 2351, Vernon's Civil Statutes, setting forth the power and duties of the Commissioners' Court, reads in part as follows:

"Sec. 7. Provide and keep in repair Courthouses, jails, and all necessary public buildings."

There is no question that it is within the power and duties of the Commissioners' Court to erect, furnish and repair necessary public county buildings and offices, and where a right is thus conferred or obligation imposed, said Court has implied authority to exercise a broad discretion to accomplish the purposes intended. (11 Tex. Juris. 565, Dodson vs. Marshall, 118 S. W. 2d 621)

Taxes levied ostensibly for any specific purpose or class of purposes designated in Sec. 9 of Article VIII must be applied thereto in good faith; and in no event and under no circumstances may there be expended, legally, for one such purpose or class of purposes, tax money in excess of the amount raised by taxation declared for that particular purpose or class of purposes. And further in this connection, the rule is, generally speaking, no expenditure of the funds of the county shall be made except in strict compliance with the budget as adopted by the Court, except for emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonable diligence, thought and attention, have been included in the original budget.

The type of construction contemplated by the Commissioners' Court of Harrison County would be classified permanent improvement. The Commissioners' Court levied and collected taxes for the Permanent Improvement Fund and set funds out in the 1946 budget for proposed expenditures in terms broad enough to include the proposed stack bottoms. The power and duty of the Commissioners' Court to provide and keep in repair courthouses, jails and all necessary public buildings, carries with it the right of acquiring materials for such imposed duties, and the providing of a permanent construction for the

Hon. Charles R. Martin - Page 3

storing of such materials would be incident to such right. Even though some of the lumber stored on the stack bottoms would be used for road construction, it is our opinion that the Commissioners' Court has the authority to expend money out of the Permanent Improvement Fund for the erection of said stack bottoms.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Jno. C. Knorpp
Assistant

OCT 31 1946

JCK:djm



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN